UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PATRICK WALSH,

               Petitioner,

Case No. 2:22-cv-10050

HONORABLE STEPHEN J. MURPHY, III

v.

WARDEN MATT MACAULEY,

               Respondent.
_____/

**OPINION AND ORDER
SUMMARILY DISMISSING THE HABEAS PETITION [1],
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY,
AND DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Petitioner James Patrick Walsh, a prisoner in custody of the Michigan Department of Corrections ("MDOC"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenged his State convictions for drug and firearm crimes. *Id.* He claimed that law enforcement officers violated his Fourth Amendment right by searching his motel room and seizing evidence before they obtained a search warrant. ECF 1, PgID 7–8, 19. For the reasons below, the Court will summarily dismiss the habeas petition, decline to issue a certificate of appealability, and deny Petitioner leave to appeal in forma pauperis.

BACKGROUND

Petitioner was arrested at the Black River Motel in Kimball Township, Michigan. ECF 1, PgID 8. On the same day, law enforcement officers allegedly

1

searched Petitioner's motel room without first obtaining a warrant. ECF 1, PgID 7–14, 19.

Petitioner then pleaded guilty in State court to one count of possession with intent to deliver methamphetamine, Mich. Comp. Laws § 333.7401(2)(b)(i), and one count of possession of a firearm by a felon, Mich. Comp. Laws § 750.224f. ECF 1, PgID 36. The trial court sentenced Petitioner to a term of 8 to 30 years in prison for the drug conviction and 3 to 7.5 years for the firearm conviction. *See id.* at 29; *Offender Tracking Information System*, MDOC, https://bit.ly/3xH3gpN [https://perma.cc/SY45-DNZ9].

Petitioner apparently moved to withdraw his guilty plea, and when the trial court denied his motion, he applied for leave to appeal in the Michigan Court of Appeals. *Michigan Courts*, https://bit.ly/3bgS1wQ [https://perma.cc/LT5D-6N9G]. The Court of Appeals remanded Petitioner's case to the trial court for an evidentiary hearing and a decision on whether trial counsel was ineffective for failing to move to suppress the fruits of a warrantless search. *Id.* The Court of Appeals also ordered the trial court to reconsider the merits of Petitioner's motion to withdraw his guilty plea, but only as it applied to Petitioner's claim about trial counsel's failure to move to suppress evidence. *Id.* The appellate court did not retain jurisdiction. *Id.*; *People v. Petitioner*, No. 347145 (Mich. Ct. App. Feb. 13, 2019).

The trial court then held an evidentiary hearing on the ineffectiveness claim,[1] and apparently denied relief. *Michigan Courts*, https://bit.ly/3y9Xhv5 [https://perma.cc/WWT3-VDYR]. Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for lack of merit. *See People v. Petitioner*, No. 350603 (Mich. Ct. App. Oct. 24, 2019); *Michigan Courts*, https://bit.ly/3y9Xhv5 [https://perma.cc/WWT3-VDYR]. And the Michigan Supreme Court denied leave to appeal. *People v. Petitioner*, 506 Mich. 963 (2020); *Michigan Courts*, https://bit.ly/3y9Xhv5 [https://perma.cc/WWT3-VDYR]. The present petition seeks for the Court to enforce the exclusionary rule and to vacate his conviction. ECF 1, PgID 22.

## DISCUSSION

I. <u>Exhaustion of State Remedies</u>

Under Rule 4 of the *Rules Governing § 2254 Proceedings for the United States District Courts*, the Court must "promptly examine" habeas petitions and dismiss a petition if it appears from the petition and attached exhibits that the petitioner is not entitled to relief. And federal district courts ordinarily must dismiss habeas petitions containing any claims that were not exhausted in State court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Petitioner bears the burden of proving that he exhausted his State remedies. *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003). If, however, a

---

[1] In Michigan, an evidentiary hearing on a defendant's claim that his attorney provided ineffective assistance is known as a *Ginther* hearing. *See People v. Ginther*, 390 Mich. 436 (1973). Petitioner referred to the *Ginther* hearing in the habeas petition, ECF 1, PgID 11, and he attached excerpts from the hearing to the petition, *see id.* at 11–14, 38–39, and 49–51.

3

petitioner's claims do not warrant habeas relief, a district court may deny a habeas petition on the merits despite the petitioner's failure to exhaust his available remedies in State court. 28 U.S.C. § 2254(b)(2).

Here, it is unclear whether Petitioner exhausted his State remedies. The petition centered on whether the police "should . . . have searched Petitioner's motel room and seized items prior to obtaining [a] search warrant, thus violating [his] Fourth Amendment rights." ECF 1, PgID 4. Petitioner also appeared to claim that his appellate attorney was ineffective and that his rights to due process and equal protection were violated. *Id.* at 21. And Petitioner attached a copy of the Michigan Supreme Court's order to the habeas petition. *Id.* at 25. That said, Petitioner did not allege whether he exhausted all his habeas claims in both the Michigan Court of Appeals and the Michigan Supreme Court. *See id.* at 5–23; § 2254(b)(1), (c); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999). In fact, Petitioner appeared to allege that his appellate attorney was ineffective for *not* raising the Fourth Amendment claim on direct appeal. *See* ECF 1, PgID 21.

Still, none of Petitioner's claims warrant habeas relief. Thus, the Court will address the merits of Petitioner's claims rather than dismissing the petition on exhaustion grounds.

II. Fourth Amendment Claim

Petitioner asserted that the police violated his Fourth Amendment right by searching his motel room without a warrant. ECF 1, PgID 7–8. But Petitioner may not seek relief on that basis. "[W]here the State has provided an opportunity for full

4

and fair litigation of a Fourth Amendment claim, a State prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). "For such an opportunity to have existed, the State must have provided, in the abstract, a mechanism by which to raise the claim and the presentation of the claim in the case must not have been frustrated by a failure of that mechanism." *Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985) (cleaned up).

"Michigan provide[s] an adequate avenue to raise a Fourth Amendment claim." *Hurick v. Woods*, 672 F. App'x 520, 535 (6th Cir. 2016). A defendant may move to suppress evidence before or during trial, *People v. Ferguson*, 376 Mich. 90, 93–95 (1965), and on appeal, *People v. Moore*, 391 Mich. 426, 431 (1974).

Petitioner had an opportunity to litigate his Fourth Amendment claim fully and fairly in State court. *Jennings v. Rees*, 800 F.2d 72, 77 (6th Cir. 1986) ("[I]t is up to the claimant and his counsel to decide what use, if any, is to be made of the opportunity"). The Court, therefore, is precluded from granting relief on Petitioner's Fourth Amendment claim. *See Rashad v. Lafler*, 675 F.3d 564, 570 (6th Cir. 2012).

What is more, Petitioner is not entitled to relief on his Fourth Amendment claim because he waived review of the claim by pleading guilty to the charges. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of

the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Thus, "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.*

A defendant may attack only the voluntary and intelligent character of the guilty plea by showing that his counsel's advice did not fall within the range of competence demanded of attorneys in criminal cases. *Id.* at 266–67. Put simply, "a guilty plea constitutes a waiver of non-jurisdictional defects occurring prior to the plea," and "[t]his waiver includes Fourth Amendment claims." *United States v. Cain*, 155 F.3d 840, 842 (7th Cir. 1998) (citations omitted).

Petitioner argued that the Fourth Amendment violation was an "antecedent constitutional infirmity," *Tollett*, 411 U.S. at 266, rather than a challenge to the voluntary and intelligent nature of his guilty plea, the advice he received from counsel, or "the very power of the State to bring [him] into court to answer the charge[s] brought against him." *Blackledge v. Perry*, 417 U.S. 21, 30 (1974); *see* ECF 1, PgID 20–21. Thus, Petitioner waived review of his Fourth Amendment claim when he pleaded guilty. *See Thornton v. Dir.*, No. 4:19cv639, 2021 WL 6616855, at *4 (E.D. Tex. Nov. 1, 2021) (finding that the habeas petitioner's Fourth Amendment claims were waived when he pleaded guilty and were foreclosed by *Stone*), *R. & R. Adopted*, 2022 WL 179592 (E.D. Tex. Jan. 18, 2022); *Clausell v. Olson*, No. 2:16-cv-250, 2016 WL 7155383, at *5 (W.D. Mich. Dec. 8, 2016) (finding that the habeas petitioner's challenge to a search warrant on Fourth Amendment grounds was waived when he

6

pleaded guilty and was an antecedent constitutional violation that was not cognizable on habeas review).

III. <u>Ineffective Assistance of Counsel, Equal Protection, and Due Process Claims</u>

Petitioner also implied that his appellate counsel was ineffective and that his equal protection and due process rights were violated.[2] The Court will address each claim in turn.

A. *Ineffective Assistance of Counsel*

Petitioner claimed that his appellate attorney was ineffective for failing to raise or preserve his Fourth Amendment claim on direct appeal. ECF 1, PgID 20–21. *Stone*'s restriction on federal habeas review of Fourth Amendment claims does not extend to Sixth Amendment ineffective-assistance-of-counsel claims founded on incompetent representation relating to a Fourth Amendment issue. *Kimmelman v. Morrison*, 477 U.S. 365, 382–83 (1986) ("[F]ederal courts may grant habeas relief in appropriate cases, regardless of the nature of the underlying attorney error."). Still, when the main allegation of ineffectiveness is an attorney's failure to competently litigate a Fourth Amendment claim, the defendant must prove (1) that his Fourth Amendment claim is meritorious, and (2) that there is a reasonable probability that the verdict would have been different without the excludable evidence. *Id.* at 375.

Petitioner did not have a meritorious Fourth Amendment claim to raise on appeal because in Michigan, a defendant waives appellate review of a search and

---

[2] The Court will liberally construe Petitioner's implications as additional habeas claims. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

seizure claim by pleading guilty. *See People v. Bulger*, 462 Mich. 495, 517 n.7 (2000), *abrogated on other grounds by Halbert v. Michigan*, 545 U.S. 605 (2005); *People v. Kline*, 113 Mich. App. 733, 735 (1982). Thus, "by definition, appellate counsel [could not have been] ineffective for a failure to raise an issue that lack[ed] merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). The ineffective assistance of counsel claim therefore fails.

### B.     *Equal Protection and Due Process*

Petitioner last claimed, in a single sentence, that his constitutional rights to due process, equal protection of the law, and a fair trial were violated throughout the legal process. ECF 1, PgID 21. But he opted not to have a trial, and his conclusory allegation about being denied due process and equal protection, without evidentiary support, are not a basis for habeas relief. *Simpson v. Warren*, 662 F. Supp. 2d 835, 852 (E.D. Mich. 2009), *aff'd*, 475 F. App'x 51 (6th Cir. 2012); *see also Perez v. Hemingway*, 157 F. Supp. 2d 790, 795 (E.D. Mich. 2001) ("Conclusory allegations that a petitioner's equal protection rights were violated are insufficient to establish an equal protection claim that would warrant habeas relief.") (citations omitted); *Bey v. Bogan*, 23 F.3d 406 (Table), 1994 WL 169729, at *2 (6th Cir. 1994) (stating that the habeas petitioner's unsupported, conclusory statements that government agencies conspired and colluded to violate his due process rights could not establish a due process violation) (citing *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991)). The Court will therefore deny relief to Petitioner's due process and equal protection claims.

8

## CONCLUSION

The Court will dismiss the habeas petition with prejudice because the Fourth Amendment claim is not cognizable and because Petitioner waived the claim when he pleaded guilty. The remaining claims about Petitioner's appellate attorney and his due process and equal protection claims lack merit. The Court will also deny a certificate of appealability because reasonable jurists would not debate that the petition lacks merit. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); 28 U.S.C. § 2253(c)(1)–(2); Fed. R. App. P. 22(b). Last, the Court will deny leave for Petitioner to appeal in forma pauperis because an appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the petition [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that permission to appeal in forma pauperis is **DENIED**.

**SO ORDERED.**

Dated: June 23, 2022

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 23, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

9